IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL LANE, #1238595 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv381 |
| BRYAN COLLIER, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Michael Lane, an inmate confined at the Coffield Unit within the Texas Department of Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The complaint was referred to the United States Magistrate Judge, the Honorable Judge John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 5, 2019, Judge Love issued a Report, (Dkt. #24), recommending that Defendants' motion to revoke Plaintiff's *in forma pauperis* status, (Dkt. #17), be granted because Plaintiff has accrued at least three qualifying strikes—for the filing of frivolous lawsuits or claims upon which relief cannot be granted—before he filed the present lawsuit. Judge Love further found that Plaintiff failed to demonstrate imminent danger. Finally, Judge Love also recommended that Plaintiff's civil rights lawsuit be dismissed, with prejudice, as to the refiling of another *in forma pauperis* lawsuit raising these claims—but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and with payment of the full statutory filing fee. Plaintiff has filed timely objections to the Report, (Dkt. #29).

As an initial matter, objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to

1

properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.). In other words, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Furthermore, frivolous, conclusory, or general objections need not be considered by the District Court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, Plaintiff's objections are general in nature. Specifically, Plaintiff argues that Judge Love should have weighed the merits of his claims and asserts that courts cannot rely on the "number" of cases someone has filed. While Plaintiff complains that a "court" found that only two "sanctions" were imposed on Plaintiff, he provides no support for this contention; further, Judge Love correctly highlighted several cases in which Plaintiff has accumulated three strikes. Plaintiff does not raise specific objections to that finding.

Plaintiff also objects to Judge Love's determination that Plaintiff failed to meet the imminent danger requirement under section 1915(g). In his complaint, Plaintiff opined that during the thirty days of Ramadan, he was starving and suffering from numerous discomforts. However, while asserting that he was starving, Plaintiff readily admitted that he was fed during Ramadan; he simply argued that he was not fed enough calories and that the food provided was insufficient.

Judge Love found that Plaintiff's claims did not rise to the level of imminent danger of serious bodily injury. *See e.g.*, *Entler v. McGerr*, 2013 WL 11318861 *2 (E.D. Wash. Sept. 13, 2013) ("Plaintiff presents no facts from which the Court could infer he experienced substantial and unhealthy weight loss as the result of any alleged dietary restrictions."); *Wallace v. Cockrell*, 2003 WL 21528744 *2 (N.D. Tex. July 3, 2003) (finding that the plaintiff's allegations that he was being starved while on a food loaf diet did not establish entitlement to the imminent-danger exception.).

On objection, Plaintiff reargues his claims. Specifically, he notes that he was provided less than 1,500 calories during Ramadan. Plaintiff also maintains that Judge Love failed to consider other claims concerning conditions of his confinement—his high cholesterol, his diabetic condition, and the use of a CPAP machine. However, Plaintiff did not raise these claims in his civil rights lawsuit; his civil rights complaint concerned only alleged starvation during Ramadan. (Dkt. #1). Plaintiff failed to mention anything related to his diabetes, high cholesterol, or CPAP machine in his complaint. Issues raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thompson*, 61 F. App'x 120, 2003 WL 342287 *1 (5th Cir. 2003) (unpublished); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Accordingly, these objections are without merit.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #29), are overruled and the Report of the Magistrate Judge, (Dkt. #'s 24), is **ADOPTED** as the opinions of the Court. Moreover, it is

**ORDERED** that Defendants' motion to revoke Plaintiff's *in forma pauperis* status, (Dkt. #17), is **GRANTED**. Plaintiff's *in forma pauperis* status is revoked. Further, it is

**ORDERED** that Plaintiff's lawsuit is **DISMISSED** with prejudice as to the refiling of another *in forma pauperis* lawsuit raising these claims—but without prejudice to the refiling of his

3

lawsuit without seeking an *in forma pauperis* status and with payment of the statutory filing fee. It is also

**ORDERED** that if Plaintiff pays the full filing fee within fifteen (15) days of the date of this order, the lawsuit will proceed as though the full filing fee had been paid from the outset. Further, it is

**ORDERED** that Defendants' motions to dismiss, (Dkt. #'s 15, 20), are **DENIED** as premature—subject to consideration if Plaintiff refiles his lawsuit and pays the full statutory filing fee. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So Ordered and Signed
Mar 17, 2019

_____
Ron Clark, Senior District Judge